1  BRIAN J. STRETCH (CABN 163973)
   United States Attorney

2

3  BARBARA J. VALLIERE (DCBN 430353)
   Chief, Criminal Division

4  BENJAMIN KINGSLEY (NYBN 4758389)
   Assistant United States Attorney

5       450 Golden Gate Avenue, Box 36055
        San Francisco, California 94102-3495

6       Telephone: (415) 436-6937
        Fax: (415) 436-7234

7       Benjamin.Kingsley@usdoj.gov

8  Attorneys for the United States

9              UNITED STATES DISTRICT COURT

10            NORTHERN DISTRICT OF CALIFORNIA

11                SAN FRANCISCO DIVISION

12  UNITED STATES OF AMERICA,              Case No. CR 16-00454 RS

13        Plaintiff,                       STIPULATION AND PROTECTIVE ORDER
                                           [PROPOSED]
14     v.

15  JEFFRY HILL,

16        Defendant.

17

18       With the agreement of the parties, the Court enters the following Protective Order, based on the

19  district court's model protective order.

20       Defendant is charged with wire fraud and mail fraud.  Upon receipt of a discovery request, the

21  United States will produce documents and other materials pertaining to the defendant and the charged

22  offenses to defense counsel.  The discovery to be provided includes documents or other materials falling

23  into one or more of the following categories (collectively, "Protected Information"):

24       1. Personal Identifying Information of any individual (other than his or her name), including

25          without limitation any person's date of birth, social security number, residence or business

26          address, telephone numbers, email addresses, driver's license number, professional license

27          number, family members' names, or criminal histories ("Personal Identifying Information");

28       2. Financial information of any individual or business, including without limitation bank

1

1    account numbers, credit or debit card numbers, account passwords, contact information, and

2    taxpayer identification numbers ("Financial Information"); and

3    3.   Medical records or other patient information of any individual covered by the Health

4    Insurance Portability and Accountability Act of 1996 (HIPPA) ("Medical Information").

5    To ensure that Protected Information is not subject to unauthorized disclosure or misuse,

6    **IT IS HEREBY ORDERED** that defense counsel of record for defendant, her investigators,

7    assistants, and employees (collectively, "the defense teams") may review with the defendant all

8    discovery material produced by the government, but shall not provide defendant with copies of, or

9    permit defendant to make copies of, or have unsupervised access to, any discovery material produced by

10   the government that contains Protected Information, unless the Personal Identifying Information,

11   Financial Information, and/or Medical Information has first been **entirely redacted** from the discovery

12   materials.  The government and defense counsel are ordered to work together to ensure that these

13   materials are protected, but that defendant has as much access to the materials as can be provided

14   consistent with this Court's order.  Discovery material that clearly pertains to defendant and does not

15   contain Protected Information regarding any other person (*e.g.*, defendant's own bank records, telephone

16   records, and business records) may be provided to defendant unredacted.

17   Defense counsel may also provide unredacted copies of Protected Information to any experts

18   retained to assist with the preparation of the defense in the captioned case.  The defendant, all members

19   of the defense teams, and any experts who receive discovery under this Order shall be provided a copy

20   of this Order along with those materials and shall initial and date the order reflecting their agreement to

21   be bound by it.

22   The materials provided pursuant to this protective order may only be used for the specific

23   purpose of preparing or presenting a defense in this matter unless specifically authorized by the Court.

24   This Order shall also apply to any copies made of any materials covered by this Order.

25   **IT IS FURTHER ORDERED** that neither defendant nor any member of the defense team shall

26   provide any discovery material produced by the government—whether or not the material constitutes or

27   contains Protected Information within the meaning of this Order—to any third party (*i.e.*, any person

28   who is not a member of the defense teams) or make any public disclosure of the same, other than in a

2

1    court filing, without the government's express written permission or further order of this Court.  If a

2    party files a pleading that references or contains or attaches Protected Information subject to this Order,

3    that filing must be under seal.[1]

4    //

5    //

6    //

7    //

8    //

9    //

10   //

11   //

12   //

13   //

14   //

15   //

16   //

17   //

18   //

19   //

20   //

21   //

22   //

23   //

24   //

25   //

26   //

27

28         [1] This Order authorizes such filings under seal and the parties are not required to seek additional authorization from the Court to do so.

1    **IT IS FURTHER ORDERED** that defense counsel shall return materials subject to this

2    Protective Order (including any copies) to the United States within 14 days after whichever event occurs

3    last in time: dismissal of all charges against a defendant; defendant's acquittal; defendant's sentencing;

4    or the conclusion of any direct appeal.  After the United States receives documents and materials subject

5    to this Order, it shall maintain those documents and materials until the period for filing a motion under

6    28 U.S.C. § 2255 has expired.  After the statutory period for filing a motion under 28 U.S.C. § 2255 has

7    expired, the United States is free to destroy documents and materials subject to this Order.  If a

8    defendant is represented by counsel and files a motion pursuant to 28 U.S.C. § 2255, the United States

9    will provide counsel with the documents and materials subject to this Protective Order under the terms

10   of this Order.  Defendant's attorney in any motion under 28 U.S.C. § 2255 shall return the documents

11   and materials subject to this Protective Order within 14 days after the district court's ruling on the

12   motion or 14 days after the conclusion of any direct appeal of the district court's order denying the

13   motion, whichever is later.  This stipulation is without prejudice to either party applying to the Court to

14   modify the terms of any protective order.  This Court shall retain jurisdiction to modify this Order upon

15   motion of either party even after the conclusion of district court proceedings in this case.

16      **IT IS SO STIPULATED.**

17
     Dated:  November 17, 2016
18                                                    _____/s/_____
                                                      BENJAMIN KINGSLEY
19                                                    Assistant United States Attorney

20                                                    _____/s/_____
                                                      GALIA AMRAM
21                                                    Counsel for Defendant Jeffry Hill

22      **IT IS SO ORDERED.**

23

24   Dated:  11/18/16              _____

25                                                    HON. RICHARD SEEBORG
                                                      UNITED STATES DISTRICT JUDGE

26

27

28