CRAIG H. MISSAKIAN (CABN 125202)
United States Attorney

MARTHA BOERSCH (CABN 126569)
Chief, Criminal Division

HELEN L. GILBERT (NYBN 4736336)
Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-7200
    FAX: (415) 436-7234
    Helen.Gilbert@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. CR 16-454 RS |
| Plaintiff, | UNITED STATES' SENTENCING MEMORANDUM |
| v. | Hearing Date: January 6, 2026 |
| JEFFRY HILL, | Hearing Time: 9:30 am |
| Defendant. | |

## INTRODUCTION

On May 23, 2017, defendant Jeffry Hill pleaded guilty to Counts One through Eight of the Indictment. U.S. Probation has recommended that Hill is an Offense Level of 18 and is in Criminal History Category II, resulting in a Guidelines range of 30 to 37 months imprisonment. Probation recommends a variance, to a sentence of 20 months of imprisonment, followed by three years of supervised release and no fine.

The government agrees with Probation's calculation of the Guidelines. The government moves under U.S.S.G. § 5K1.1 for a downward departure from the Guidelines in a separate under seal filing, and recommends a sentence of 18 months of imprisonment, three years of supervised release, an $800

special assessment, and restitution as determined by the Court.

## DISCUSSION

It is now well established that in determining the appropriate sentence, this Court must conduct a two-step inquiry: (1) it must first correctly calculate the applicable Guidelines range as the "starting point"; and (2) it must next assess the factors set forth in 18 U.S.C. § 3553(a) to fashion an individualized sentence that is sufficient, but not greater than necessary, to achieve the aims of the statute. *United States v. Carty*, 520 F.3d 984, 991 (9th Cir. 2008).

### A.   Offense Conduct

Hill pled guilty to mail and wire fraud counts regarding his scheme to defraud customers of his then business, Hill Wine Company ("HWC"). For almost a year and a half, from August 2012 through December 2013, Hill misrepresented the geographic origin and varietal of the products he sold to HWC customers. Hill grew or purchased grapes, and purchased grape juice and wine from grapes, all grown outside of the Napa Valley American Viticultural Area ("AVA"). He then misrepresented this less valuable non-Napa Valley AVA grape juice and wine to his customers as consisting of products made from 100% Napa Valley AVA grapes. He also misrepresented to customers the origin varietals of grape juice and wine that he sold. For example, Hill sold his customers products he represented were made from cabernet sauvignon grapes when in fact they were made from a mixture of less valuable red wine varietals. Because of Hill's misrepresentations, his customers bought wine or grape juice they would not otherwise have purchased or paid higher prices for these products than they would have otherwise paid.

In total, Hill sold or attempted to sell over $2.5 million of wine that included, at least in part, misrepresented wine. He admitted in his Plea Agreement that the total amount of loss and intended loss to his customers was $629,216.10.

### B.   Sentencing Guidelines

The government agrees with U.S. Probation's calculation of the Guidelines, set forth below:

| | | | |
|---|---|---|---|
| a. | Base offense level, § 2B1.1(a)(1) | | 7 |
| b. | Loss amount, § 2B1.1(b)(1)(H) | | +14 |
| c. | Adjusted Offense Level | | +21 |

|   |    |                                           |     |
|---|----|-------------------------------------------|-----|
|   | d. | Acceptance of Responsibility, § 3E1.1     | -3  |
|   | e. | Total Offense Level                       | 18  |

U.S. Probation determined that Hill is Criminal History Category II. A Total Offense Level 18 and Criminal History Category II results in a Guidelines range of 30 to 37 months of imprisonment.

**C.     A Sentence of 18 Months is Sufficient but Not Greater than Necessary to Comply with 18 § 3553(a)**

In sentencing the defendant, this Court must consider the factors set forth in 18 U.S.C. § 3553(a). *See United States v. Booker*, 543 U.S. 220 (2005). The factors that this Court must consider under Section 3553(a) include:

- the nature and circumstances of the offense, § 3553(a)(1);
- the history and characteristics of the defendant, § 3553(a)(1);
- the kinds of sentences available, § 3553(a)(3);
- the sentencing guideline range, § 3553(a)(4);
- pertinent Sentencing Commission policy statements, § 3553(a)(5);
- the need to avoid unwarranted sentencing disparities, § 3553(a)(6); and
- the need to provide restitution to victims of the offense, § 3553(a)(7).

"The overarching statutory charge for a district court is to impose a sentence sufficient, but not greater than necessary" to achieve the goals of § 3553(a). *United States v. Carty*, 520 F.3d 984, 991 (9th Cir. 2008) (internal quotations omitted). Those goals include the need:

- to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
- to afford adequate deterrence to criminal conduct;
- to protect the public from further crimes of the defendant; and
- to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

18 U.S.C. § 3553(a)(2).

The United States submits that after balancing the above factors, a sentence of 18 months custody and 3 years' supervised release complies with the goals set forth in 18 U.S.C. § 3553(a) and amounts to a reasonable sentence.

*1. Nature and Circumstances of the Offense*

Hill orchestrated an almost year-and-a-half fraud scheme, during which he engaged in many different types of misrepresentations to deceive his customers and employees about the true origins of

U.S. SENTENCING MEMO                 3
CR 16-454 RS

the grapes, juice, and wine that he sold his customers. As noted in the PSR, Hill altered or created fraudulent bills of lading, weigh tags, and other records; he maintained false records of HWC's inventory; he concealed this information from HWC employees and falsely told them that the grapes were grown in Napa Valley; he moved grapes or wine between HWC's three facilities to obscure the origin of grapes and provide him with opportunities to change the paperwork on the grapes; he intercepted trucks shipping grapes and falsely altered or changed the paperwork on those trucks indicating the origin and varietal of the grapes; he gave growers and truckers false information about the grapes he purchased; and he instructed grape growers outside of the Napa AVA County to never tell anyone that Hill had purchased grapes from them. PSR ¶ 16. In total, Hill sold or attempted to sell over $2.5 million of wine that included, at least in part, misrepresented wine. This scheme was sophisticated and involved numerous decisions by Hill to maintain false records to evade detection by the regulator, TTB, and to consistently mislead customers and misrepresent the products he was selling them.

### 2. History and Characteristics of Defendant

Hill was previously convicted of two felony offenses, one for conduct in 2008 involving false or misleading statements or omissions in an insurance policy claim that was later reduced to a misdemeanor and another for conduct in 2013 involving grand theft of grapes from another Napa winery. These both indicate that Hill's fraud scheme here, which was far more sophisticated than his prior criminal conduct, was not an aberration. However, since his arrest in this case in November 2016, Hill has been successfully supervised by pretrial services. Given his compliance over the last eight years, the government is less concerned that Hill is at risk for reoffending, but notes that his prior two convictions did not deter his conduct in this case.

### 3. An 18-Month Sentence is Appropriate

The Guidelines with a § 5K1.1 departure to 18 months of custody account for most of the relevant factors in this case appropriately – the loss among, the sophistication of the scheme, its deliberate nature, the financial impact on the victims, Hill's acceptance of responsibility, his compliance on pretrial supervision, and his substantial assistance. The government disagrees that any further variance is warranted. A custodial sentence is needed to reflect the seriousness of Hill's conduct and to generally deter others from engaging in similar schemes.

### D. Financial Penalties

Restitution is mandatory in this case under 18 U.S.C. § 3663A. In his Plea Agreement, Hill agreed to pay restitution in an amount no less than $554,216.10, with the following exception: should ASV Wines, for which loss is estimated to be $406,233.10, claim less than that amount as loss in advance of sentencing, Hill reserved the right to argue that overall restitution should be so reduced. As of the date of this filing, the government has not received victim impact statements or specific requests for restitution. If the victims fail to provide such information prior to January 6, 2026, the government will request that the Court set a restitution hearing for no later than 90 days following sentencing pursuant to 18 U.S.C. § 3664(d)(5).

## **CONCLUSION**

With full consideration of all the sentencing factors set forth in 18 U.S.C. § 3553(a), the United States respectfully requests that the Court impose a sentence of 18 months of imprisonment, three years of supervised release, restitution as determined by the Court, and an $800 special assessment.

DATED: December 30, 2025                    Respectfully submitted,

CRAIG H. MISSAKIAN
United States Attorney


 /s/
HELEN L. GILBERT
Assistant United States Attorney