1  CRAIG H. MISSAKIAN (CABN 125202)
   United States Attorney
2
   MARTHA BOERSCH (CABN 126569)
3  Chief, Criminal Division

4  HELEN L. GILBERT (NYBN 4736336)
   Assistant United States Attorney
5
        450 Golden Gate Avenue, Box 36055
6       San Francisco, California 94102-3495
        Telephone: (415) 436-7200
7       FAX: (415) 436-7234
        Helen.Gilbert@usdoj.gov
8
   Attorneys for United States of America
9

10                  UNITED STATES DISTRICT COURT

11                 NORTHERN DISTRICT OF CALIFORNIA

12                     SAN FRANCISCO DIVISION

13
   UNITED STATES OF AMERICA,          )   Case No. CR 16-454 RS
14                                     )
              Plaintiff,               )   UNITED STATES' SUPPLEMENTAL
15                                     )   SENTENCING MEMORANDUM
         v.                            )
16                                     )   Hearing Date:  January 6, 2026
   JEFFRY HILL,                        )   Hearing Time: 9:30 am
17                                     )
              Defendant.               )
18                                     )
                                       )
19 _____)

20                        **INTRODUCTION**

21        This supplemental memorandum responds to defendant's argument in his Sentencing

22 Memorandum that U.S. Probation miscalculated his Criminal History because his 2015 conviction was

23 expunged.  For the reasons stated herein, his 2015 conviction was not expunged for purposes of

24 calculating criminal history in U.S. Sentencing Guideline § 4A1.2(j), and U.S. Probation accurately

25 calculated defendant's criminal history as category II.

26                         **DISCUSSION**

27 **A.      Defendant's 2015 Conviction and 2021 Reduction and Dismissal**

28        Defendant acknowledges that he was convicted in Napa County Superior Court in 2015.  Def.

Sent. Mem., Dkt. 164, at 17 & Ex. D.  This felony conviction for grand theft, pursuant to California

Penal Code Section 487(a), was based on an arrest that occurred on October 21, 2013.[1]  Defendant

provided records showing that in 2021, his 2015 felony conviction was reduced to a misdemeanor

pursuant to California Penal Code Section 17(b)(3) and that the charge was dismissed pursuant to

California Penal Code Section 1203.4(a).  Dkt. 164-4.  The Superior Court of Napa County's basis for

granting defendant's motion to dismiss pursuant to these statutes was that

> the defendant has fulfilled the conditions of probation granted herein on August 31, 2021,
> and Defendant has fully complied with and performed the sentence of this Court.  It
> further appears that the Defendant is not on probation for, or serving a sentence for or
> charged with the commission of any other offense, and has since the pronouncement of
> the judgment lived an honest and upright life and has conformed to and obeyed the laws
> of the land.

*Id*. at 1.[2]  The dismissal order was limited by its own terms.  The Court further provided that "[t]his

order does not prevent this matter from being pleaded and proven as a prior conviction in any

subsequent prosecution of the defendant for any other offense" and that "[t]his order does not relieve the

Defendant of the obligation to disclose the conviction in response to any direct question contained in any

questionnaire or application for public office or for licensure by any state or local agency."  *Id*. at 2.

**B.    Defendant's 2015 Conviction Was Not Expunged for Purposes of Calculating His
Criminal History**

The U.S. Probation Office determined that defendant's 2015 conviction, for which he was given

a 365-day jail sentence and 3 years of probation, resulted in two criminal history points pursuant to

U.S.S.G. § 4A1.1(b), because it was a prior sentence of imprisonment of at least sixty days.  PSR ¶ 36.

Defendant argues that this conviction was expunged and should not be counted as part of the criminal

---

[1]  Defendant argues that his 2013 conviction for grand theft should not be considered because it
overlapped with the conduct in this case.  While his October 21, 2013 arrest for stealing grapes from
another winery occurred during the same time as the criminal conduct in this case, which defendant
admitted spanned August 2012 through at least December 2013, that conduct differed significantly from
stealing grapes.  Defendant's misrepresentations about the varietal and origin of grapes and grape juice
that he sold customers is materially distinct from stealing grapes from another winery.  Therefore, the
conduct underlying his 2013 arrest and 2015 conviction should not be subsumed as relevant conduct for
this matter.

[2]  The Superior Court's basis for this dismissal appears flawed, as defendant had been charged
with and pled guilty to the present offense at the time he was granted this dismissal of the 2015
conviction.

1    history calculation.  Def. Sent. Memo at 17.

2        U.S Sentencing Guidelines section 4A1.2(j) provides that "[s]entence for expunged convictions

3    are not counted."  Application Note 10 of the Commentary to this Guidelines provision states,

4        A number of jurisdictions have various procedures pursuant to which previous
        convictions may be set aside or the defendant may be pardoned for reasons unrelated to

5        innocence or errors of law, *e.g.*, in order to restore civil rights or to remove the stigma
        associated with a criminal conviction.  Sentences resulting from such convictions are to

6        be counted.  However, expunged convictions are not counted.  § 4A1.2(j).

7        The key question is whether the dismissal of a conviction under California Penal Code

8    § 1203.4(a) is an expungement for purposes of U.S.S.G. § 4A1.2(g) or a conviction that has been set

9    aside under state law but still counts for purposes of calculating a defendant's criminal history.  The

10   Ninth Circuit has definitively held that convictions set aside pursuant to Cal. Penal Code § 1203.4 are

11   not "expunged" for purposes of U.S.S.G. § 4A1.2(j).  *See United States v. Hayden*, 255 F.3d 768, 774

12   (9th Cir. 2001) (first holding that convictions set aside under Cal. Penal Code § 1203.4 are not expunged

13   for purposes of U.S.S.G. § 4A1.2(j)); *United States v. Carver*, 123 F.4th 1158, (9th Cir. 2025)

14   (upholding *Hayden* and rejecting defense argument that *Kisor v. Wilkie*, 588 U.S. 558 (2019) overruled

15   *Hayden*).  Instead, the Ninth Circuit has concluded that the relief afforded by California Penal Code

16   section 1203.4 is a more limited remedy covered by the commentary to § 4A1.2, and therefore, such

17   prior convictions are not expunged for purposes of Guidelines calculations.  *Hayden*, 255 F.3d at 771-

18   74.

19                                **CONCLUSION**

20       The U.S. Probation Office properly calculated defendant's criminal history, which calls into

21   category II.  With full consideration of all the sentencing factors set forth in 18 U.S.C. § 3553(a), the

22   United States respectfully requests that the Court impose a sentence of 18 months of imprisonment,

23   three years of supervised release, restitution as determined by the Court, and an $800 special assessment.

24   DATED: January 2, 2026                    Respectfully submitted,

25                                             CRAIG H. MISSAKIAN

26                                             United States Attorney

27                                              /s/
                                              _____

28                                             HELEN L. GILBERT
                                               Assistant United States Attorney