RANDY SUE POLLOCK
Attorney at Law (CSBN 64493)
286 Santa Clara Avenue
Oakland, CA 94610
Telephone: 510-763-9967
Facsimile: 510-380-6551
rsp@rspollocklaw.com

Attorney for Defendant
JEFFRY HILL

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. CR. 16-454-RS |
| Plaintiff, | DEFENDANT JEFFRY HILLS' |
| vs. | SUPPLEMENTAL SENTENCING MEMORANDUM |
| JEFFRY HILL, | Sentencing Date: January 6, 2026 |
| Defendant | Sentencing Time: 9:30 a.m. |

**DEFENDANT'S CRIMINAL HISTORY
IS OVERSTATED**

Notwithstanding that convictions dismissed pursuant to California Penal Code §1203.4 are still counted in an offender's criminal history as the *Carver* case explained, the Napa conviction was reduced to a misdemeanor pursuant to Penal Code §17(b) on August 21, 2021. Mr. Hill has therefore sustained two prior misdemeanor convictions, one in 2008 and one in 2015.

USSG§4A1.3(b)(1) previously stated as follows:

> "If reliable information indicates that the defendant's criminal history category substantially over-represents the seriousness of his criminal history or the likelihood that the defendant will commit other crimes, a downward *departure* may be warranted." (emphasis added).

That guideline section was deleted in Amendment 836, effective November 1, 2025, however the purpose of that section can still be considered as a variance. As stated in the 2025 guidelines:

> "Since *Booker*, the Commission has seen a steady decline in the frequency of departures, with courts relying to a greater extent on variances in a manner consistent with the statutory requirements in section 3553(a)."

While the 2015 Napa conviction counts for two points because the sentence was 365 days, as explained previously, he served approximately four months and by law would not have served more than six months. The fact that he has two misdemeanor convictions rather than two felony convictions is significant.

Both probation and the government have argued that Mr. Hill has not been deterred from criminal conduct, but a review of the offense conduct and the relevant dates of his conduct clearly shows that he has been punished for prior conduct and completely deterred from future criminal conduct. Counsel is not contending that the Napa offense should be seen as relevant conduct, but rather making the point that the conduct did occur at the same time as the federal offense conduct. Once Mr. Hill was sentenced in Napa Superior Court his criminal conduct ceased. It is overlapping conduct because it is related in time. The federal offense can appear to be recidivist conduct however it occurred at the same time as the state charges. Both offenses are old conduct that occurred twelve years ago. Accordingly, his criminal history is overstated as it must be seen as two, very old misdemeanor convictions. The accompanying chart may assist in explaining the history of this case:

| Event | Date(s) | Notes |
|---|---|---|
| **Instant Federal Offense** | August 1, 2012- December 31, 2013 | Offense involved misrepresentation of wine grapes |
| **Napa County Case** | October 21, 2013 | Arrest/charge date---Offense involved theft of wine grapes from a winery Hill had contracted to do grape picking |
|  | August 11, 2015 | Sentenced to 365 days; served 1/3 |
| **Instant Federal Offense** | November 1, 2016 | Charges filed/placed on pretrial Supervision |
|  | May 23, 2017 | Entered plea/cooperates |
| **Napa County Case** | August 31, 2021 | Charges reduced to misdemeanor |
| **Instant Federal Case** | January 6, 2026 | 9 years and 2 months on pretrial supervision |

While the guidelines are accurately calculated both probation and the government are recommending prison for a man who has changed his life and clearly was deterred by his prior conduct. They both argue that his two prior misdemeanors did not deter him from engaging in new criminal conduct, but the chart shows that his conduct was deterred following his sentence in 2015---ten years ago.

Mr. Hill did choose to engage in criminal conduct, both at the state and federal level, from 2012-2013, but he also chose to rehabilitate himself----from his efforts to abstain from alcohol to his involvement with his church to his important work for his company.

///

///

///

*DEFENDANT JEFFRY HILLS' SUPPLEMENTAL SENTENCING MEMORANDUM*
UNITED STATES VS. JEFFRY HILL, CR. 16-454-RS

Probation says that supervised release following prison can assist Mr. Hill in reintegration into society, but he has reintegrated into society since 2015. Imprisonment at this point will destroy his life. Application of the guidelines in this case, with the limited amount of variance, is contrary to the principles set out in *Booker*.

Date: January 3, 2026                                             Respectfully submitted,


                                                                   _/s/_____
                                                                   RANDY SUE POLLOCK
                                                                   Counsel for Defendant Jeffry Hill